IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NUMBER 1:20-CR-00055 |
| v. | § | |
| | § | |
| | § | |
| JAKE ELLIS DAUGHTRY (1) | § | |

**REPORT AND RECOMMENDATION**
**DENYING DEFENDANT'S MOTION FOR RETURN OF PROPERTY**

The court referred the Defendant, Jake Ellis Daughtry's, *Motion for Return of Property Under [Federal Rule of Criminal Procedure Rule] 41(g)* (Dkt. #316) and *Petition Pursuant to 21 U.S.C. 853(n) for Return of Property* (Dkt. #550) to the undersigned magistrate judge for consideration and recommended disposition pursuant to Title 21 U.S. C. § 636(b)(1)(A) and (3) and the Local Rules of The United States District Court for the Eastern District of Texas. (Doc. #558.)

**I. Background**

On January 11, 2022, Daughtry filed a *Motion to Suppress Evidence and Return of Property Under 41(g)* (Dkt. #316). The motion does not specify what "property" Daughtry wants returned but identifies a number of alleged deficiencies in the search warrant and asks for "return [of] property seized as a result of fatal irregularities in the warrants." (Dkt. #316, p. 2.) On January 18, 2022, Daughtry pleaded guilty to an Information charging him with a violation of 21 U.S.C. § 846, conspiracy to possess with intent to distribute and distribution of a date rape drug over the internet to an unauthorized purchaser. (Dkt. #358.) On January 26, 2022, United States District Judge Thad Heartfield denied Daughtry's *Motion to Suppress* as Moot. (Dkt.

#375.) Daughtry filed a motion to withdraw his guilty plea on August 8, 2022 (Dkt. #429), which was denied. (Dkt. #478, 484.) Daughtry was sentenced on November 15, 2022, to 180 months' imprisonment, with 3 years of supervised release to follow. (Dkt. #516, 521-522.) He filed a Notice of Appeal on November 22, 2022. (Dkt. #531.) On November 28, 2022, while the appeal was pending, Daughtry filed a *Supplement to Motion for Return of PropertyPursuant* [sic] *to Rule 41(g)* (Dkt. #536). The Fifth Circuit affirmed his conviction on October 3, 2023. (Dkt. #556.) The Government responded to the motions on December 5, 2022, and January 4, 2023.[1] (Dkt. #539, 567.)

In his plea agreement, Daughtry expressly agreed "not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255." (Dkt. #358 at 7.) He also agreed to forfeit $480,683.75 to the Government:

> **FORFEITURE**: The defendant agrees to forfeit to the United States voluntarily and immediately all of the defendant's right, title, and interest to the following property which is subject to forfeiture pursuant to 21 U.S.C. § 853:
>
> (a) A total sum of money equal to $480,683.75 in United States currency, representing the amount of proceeds the defendant personally obtained as a result of the offenses alleged in this information.
>
> If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s)
> (a) Cannot be located upon the exercise of due diligence;
> (b) Has been transferred or sold to, or deposited with, a third party;
> (c) Has been placed beyond the jurisdiction of the court;
> (d) Has been substantially diminished in value; or
> (e) Has been comingled with other property which cannot be divided without difficulty.

---

[1] Daughtry urges the court to strike the Government's Response as untimely pursuant to "local rule CR47(b) [sic]," which orders a party opposing a motion to respond within fourteen days. (Dkt. #568.) However, because the Government initially responded on December 5, 2022, while an appeal was pending before the Fifth Circuit, this request lacks any merit. (Dkt. #539.)

> It is the intent of the United States pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.
>
> The defendant agrees that the property described in subparagraph a is subject to forfeiture to the government pursuant to the aforementioned statute because the property constitutes proceeds traceable, directly or indirectly, to the illegal activity described in the information and was used or intended for use to facilitate the offense described in the information. The defendant agrees to fully assist the government in the forfeiture of the listed property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer the defendant's interest in any of the above property to the United States, and take whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. The defendant agrees not to file a claim to the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding. The defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any claim or defense under the Eighth Amendment to the Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States or its subdivisions. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture. The defendant waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

(Dkt. #358, p. 4-6.)  On January 23, 2023, Daughtry filed a *Petition Pursuant to 21 USC [§] 853(n) for Return of Property.*  (Dkt. #550.)

## II.  Motion for Return of Property Pursuant to Rule 41(g)

Daughtry's original *Motion for Return of Property* (Dkt. #316) was denied as moot by Judge Heartfield on January 26, 2022.  (Dkt. #375.)  Despite this ruling, Daughtry filed a "Supplement" to his motion on November 28, 2022—after he pleaded guilty and was sentenced. (Dkt. #536.)  He asks the court to "consider the issues in the [original *Motion to Suppress*] that

3

are not moot which relate to the return of Defendant's property under FRCP 41." (Dkt. #536, p. 1.) As the Government noted in its response, Daughtry "spills much ink about the sufficiency of the warrants yet makes no attempt to explain why these claims are not waived by his plea." (Dkt. #567) (internal citations omitted).

"By pleading guilty voluntarily and unconditionally, a criminal defendant waives his right to challenge any nonjurisdictional defects in the criminal proceedings that occurred before the plea. This waiver includes the right to raise any further objections based on the denial of a motion to suppress." *United States v. Olson*, 849 F.3d 230, 231 (5th Cir. 2017). When a defendant has agreed to waive any right to forfeited property, he or she lacks standing to request return of the forfeited property. *See, e.g., United States v. Hall*, No. CR 16-68, 2020 WL 3254530, at *2 (E.D. La. 2020) (denying defendant's motion for return of property that was explicitly forfeited in his plea agreement); *Beckett v. United States*, No. A-09-CV-524, 2010 WL 11610455, at *5 (W.D. Tex. 2010) (holding that a defendant whose plea agreement waived his right to bring a motion for a return of property lacked standing).

Daughtry's original *Motion for Return of Property* was previously denied by Judge Heartfield. However, even assuming that the court has authority to rule on the motion, Daughtry waived his right to challenge the court's denial of his motion to suppress when he pleaded guilty and fails to advance any grounds to contest his stipulation of forfeiture.[2] "[W]hat a defendant 'may not do is pick and choose which portions [of the plea agreement] he wishes to abide by and which he wishes to appeal.' " *United States v. Brooks*, 78 F.4th 138, 144 (5th Cir. 2023) (quoting *United States v. Martinez*, 122 F.3d 421, 423 (7th Cir. 1997)).

---

[2] If a defendant desires to "preserve the right to appeal a district court's adverse ruling on a pretrial motion," Federal Rule of Criminal Procedure 11(a)(2) requires him to enter a conditional plea "in writing and consented to by the prosecution and the district court." *United States v. Willis*, No. 22-30258, 2023 WL 4196893, at *2 (5th Cir. June 27, 2023).

Accordingly, any request for return of property based on the validity of the search warrants or grounds raised in his *Motion to Suppress* and *Motion for Return of Property* should be denied.

### III.  Motion for Return of Property Pursuant to 21 U.S.C. § 853(n)

Section 853(n) establishes the process by which parties *other than the criminal defendant* may assert an interest in forfeitable properly after an order of forfeiture has been entered, which states in relevant part:

> (1) Following the entry of an order of forfeiture under this section, the United States shall publish notice of the order and of its intent to dispose of the property in such manner as the Attorney General may direct. The Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.
>
> (2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.
>
> (3) The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

21 U.S.C. § 853(n)(1)-(3).

Importantly, whatever relief Jake Daughtry seeks—the "subject property" pursuant to § 853(n)—is not clear.  His motion states: "Each claimant seeks an amendment of this Court's Order of Forfeiture consistent with 21 USC [sic] § 853 (n)."  (Dkt. #550, p. 5.)  The petition does not identify what property the claimants seek.

The "claimants" are listed as: Right Price Chemical, Best Buy Industrial Supply, Jake's Fireworks, Daughtry Investments, and Jake's RV Park.  There are three pages attached to the

5

motion entitled *Signature of Person(s) Authorizing Petition Under Oath* and signed by Jake, Joe, and Sandra Daughtry, respectively, but does not explain their relationship to the "claimant" companies or their interest in the property. (Dkt. #550, p. 7, 8.) The motion was filed by counsel on behalf of Defendant Jake Daughtry, who does not represent the "claimant" entities, Joe, or Sandra Daughtry.

The motion is facially deficient and Jake Daughtry's failure to define the subject property of his § 853(n) motion constitutes sufficient grounds to deny the motion. *United States v. Furando*, 40 F.4th 567, 575 (7th Cir. 2022) (holding that the § 853 petition must set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought, and if not, the court may dismiss the petition without providing a hearing); *United States v. Fabian*, 764 F.3d 636, 638 (6th Cir. 2014) (dismissing petition where claimant asserts only a conclusory legal interest in the properties). Furthermore, as a defendant, Jake Daughtry does not have standing for relief under 21 U.S.C. § 853(n).

### IV. Recommendation

The subject property of Daughtry's requests pursuant to Rule 41(g) and 21 U.S.C. §853(n) is not clear. To the extent that he seeks currency seized and later forfeited to the Government in this case, he lacks standing because he abandoned any interest in the property pursuant to the unambiguous terms of the forfeiture provision of his plea agreement. *See United States v. $ 8,720 in U.S. Currency*, 264 F.3d 1140, 1140 (5th Cir. 2001) (claimant lacked standing to contest forfeiture because, as part of plea agreement, he agreed to forfeit his interest in property, and thus lacked a "facially colorable" interest in seized property); *see also United*

*States v. Stokes*, 191 F. App'x 441, 444 (7th Cir. 2006) (language in plea agreement "that any interest [plaintiff] holds in each of the listed properties is hereby forfeited" stripped plaintiff of standing to contest forfeiture, even if the government had not yet secured its own title to that property); *United States v. $14,344.50 in U.S. Currency*, 49 F. App'x 207, 208 (10th Cir. 2002) (plea agreement included a provision that plaintiff would "forfeit to the United States all of his right, title, and interest in property" and plaintiff therefore lacked standing to challenge forfeiture); *United States v. Le*, 173 F.3d 1258, 1277–78 (10th Cir. 1999) (claimant relinquished any ownership rights he may have had in property when he expressly agreed to "forfeit and otherwise waive any ownership right he might possess in all items seized" in plea agreement); *United States v. Grover*, 119 F.3d 850, 851–52 (10th Cir. 1997) (claimant who, in connection with plea agreement, executed a "Forfeiture Agreement" in which he agreed to surrender proceeds of his property to the government, "relinquished any possessory claim he had to the property" and could not contest forfeiture). To the extent that he seeks property *not* forfeited, his petition should be dismissed because he does not identify the subject property.

Daughtry's *Motion for Return of Property Under [Federal Rule of Criminal Procedure Rule] 41(g)* (Dkt. #316) was previously denied and is not ripe for adjudication. To the extent that Daughtry asks the court to reconsider the motion, his request should be denied for the reasons discussed above. Similarly, his *Petition Pursuant to 21 U.S.C. 853(n) for Return of Property* (Dkt. #550) should also be denied as explained in the preceding section.

### V. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be

served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 11th day of April, 2024.

_____
Zack Hawthorn
United States Magistrate Judge